41 F.3d 1514
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose Manuel GARCIA, Defendant-Appellant.
 No. 94-50038.
United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 4, 1994.
Decided Nov. 9, 1994.
 
 1
 Before: WALLACE, Chief Judge, REINHARDT, Circuit Judge, and TANNER,* District Judge.
 
 MEMORANDUM
 
 2
 Garcia appeals his conviction following a jury trial for conspiracy to manufacture and distribute methamphetamine and two substantive counts of distributing methamphetamine in violation of 21 U.S.C. Sec. 841(a)(1) and Sec. 846. The district court had jurisdiction under 18 U.S.C. Sec. 3231. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 
 3
 Garcia's first argument is that the government violated the command of Brady v. Maryland, 373 U.S. 83 (1963), to turn over "evidence to the accused ... where the evidence is material either to guilt or punishment." Id. at 87. In this case, the alleged Brady material was a note by a government agent that seemed to indicate that Jiminez, one of the government's witnesses against Garcia, did not know Garcia even though he identified Garcia in a photographic lineup. We review de novo "whether the suppression of Brady material might have affected the outcome of the trial." United States v. Arias-Villanueva, 998 F.2d 1491, 1506 (9th Cir.), cert. denied, 114 S.Ct. 359 (1993). "Evidence is material if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." United States v. Brumel-Alvarez, 991 F.2d 1452, 1461 (9th Cir.1992) (internal quotations omitted).
 
 
 4
 Garcia argues that the additional Brady evidence would have been used to undermine not only the testimony of Jiminez, but also Agent Helson's credibility. But the testimony of Doehring, that was deemed credible, establishes that Garcia had participated in the drug transaction for which he was convicted. Garcia has not shown how any alleged Brady material would have affected the credibility of Doehring. Therefore, the district court did not err in concluding that the note cannot be classified as material evidence under Brady.
 
 
 5
 Garcia's second argument is that the government engaged in outrageous misconduct by failing to produce informants for Garcia to interview, violated a court order, coached informants, failed to turn over government notes, failed to recover $7,000 which it gave to Doehring to give to Garcia, and lost a tape recording of a meeting between Doehring and Garcia.
 
 
 6
 We review de novo whether the conduct of the government was so shocking under the due process clause that it denied Garcia of a fair trial. United States v. Simpson, 813 F.2d 1462 (9th Cir.), cert. denied, 484 U.S. 898 (1987). The conduct must be "grossly shocking." Id. at 1464. As we have already observed, Doehring's testimony was sufficient to convict Garcia. It has not been demonstrated that the testimony of the government witnesses whom Garcia did not interview before trial was prejudicial. There is also no indication that these witnesses would have spoken to Garcia, and no evidence that the government conduct regarding these witnesses was intentional. Regarding the lost evidence, Doehring testified to the same facts that the tape would have shown; Doehring was subject to cross-examination. The district judge found that the loss of the tape was not deliberate, and that finding was not clearly erroneous. Also, Garcia points to no evidence that the government improperly coached any witness. Any other charges of outrageous conduct similarly fails for lack of evidentiary support.
 
 
 7
 Finally, Garcia argues that the district court should have dismissed his conspiracy count because of a variance in the evidence. Whether a single conspiracy, rather than multiple conspiracies, has been proven is treated as a sufficiency of evidence issue. United States v. Kenny, 645 F.2d 1323, 1335 (9th Cir.), cert. denied, 452 U.S. 920 (1981). The district court sentenced Garcia only on the drug transactions between him and Doehring. There is no question that Garcia was a party to the conspiracy charged in the indictment. Garcia has suffered no prejudice because he was a participant in every transaction on which he was sentenced. United States v. Moore, 522 F.2d 1068 (9th Cir.1975).
 
 
 8
 AFFIRMED.
 
 
 
 *
 Honorable Jack E. Tanner, United States District Judge, Western District of Washington, sitting by designation